UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AEROSMITH PENNY II, LLC and <br> WEST LINK AIRLINES NIGERIA, LIMITED, <br><br> *Plaintiffs*, <br><br> v. <br><br> GLOBAL FINANCIAL & LEASING, INC., *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § CIVIL ACTION H-17-3541 |

**MEMORANDUM OPINION & ORDER**

Pending before the court is a motion to dismiss amended complaint for lack of personal jurisdiction, improper venue, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted filed by Defendant Global Financial & Leasing, Inc. ("Global"). Dkt. 13. Having considered the amended complaint, the instant motion, the response to the instant motion, and the applicable law, the court is of the opinion that the motion to dismiss for lack of personal jurisdiction should be GRANTED.[1]

**I. BACKGROUND**

In October 2014, plaintiff West Link Airlines Nigeria Ltd.'s ("West Link") CEO instructed plaintiff Aerosmith Penny II, LLC ("Aerosmith") (collectively, "Plaintiffs") to secure financing for an aircraft on West Link's behalf.[2] Dkt. 6 at 1. Aerosmith, a Texas company, arranged the lease and financing of a Bombardier Challenger 604 (the "Aircraft") from Global, an Oregon company;

---

[1] Because the court finds that it lacks specific personal jurisdiction over Global, the court expresses no opinion regarding Global's alternative arguments for dismissal under Rules 12(b)(1), 12(b)(3), and 12(b)(6).

[2] For the purposes of a motion to dismiss, the court accepts all well-pled facts contained in Plaintiffs' amended complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

subsequently, West Link and Global executed a Letter of Intent ("LOI") in January 2015. *Id*. Pursuant to the LOI, Aerosmith paid an initial deposit of $86,902 to Global on West Link's behalf in February 2015. *Id*. Global then confirmed the approval of the lease-financing by letter. *See* Dkt. 6, Ex. B.

> The LOI provides in relevant part that:
>
> Lessee will pay to Lessor an initial deposit equal to the first monthly payment upon signing this agreement. This deposit will be applied to reduce the first monthly payment. In the event the Lease is not consummated at no fault of Lessor, Lessee will pay all fees and expenses associated with this transaction, limited to the initial deposit. If the Lease is not consummated due to fault of the Lessor, the initial deposit will be refunded to Lessee.

Dkt. 6, Ex. A, cl. 2. The LOI also contains a governing law clause which provides that the LOI "will be subject to the laws of the State of Oregon, USA, and venue will be therein." *Id*. at cl. 20.

Plaintiffs assert that in April 2015, Global unilaterally decided not to proceed with the lease-financing and refused to refund the deposit paid by Aerosmith on West Link's behalf. Dkt. 6 at 4. Plaintiffs subsequently brought causes of action for breach of contract, promissory estoppel, unjust enrichment, fraud, and conversion. *Id*. at 5–6. Global filed a motion to dismiss (Dkt. 3), after which Plaintiffs filed an amended complaint (Dkt. 6) and a response (Dkt. 10). Global then filed the instant motion, arguing in relevant part that Plaintiffs have not pled facts establishing this court's jurisdiction over Global. Dkt. 16 at 1. The motion is now ripe for disposition.

## II. Legal Standard

A court must dismiss an action when it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When the court rules on personal jurisdiction without an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdiction. The burden then shifts to the defendant to demonstrate that the assertion of jurisdiction would be unfair; however, such

demonstrations are rare. *Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). In deciding whether to exercise personal jurisdiction, the court can consider the entire contents of the record, including affidavits. *Paz v. Bush Engineered Metals, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). The court accepts the plaintiff's non-conclusory, uncontroverted allegations as true, and resolves conflicts between the facts contained in the parties' affidavits in the plaintiff's favor. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant if: (1) the long-arm statute of the forum state allows the exercise of personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction over that defendant is consistent with due process under the U.S. Constitution. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). The two-part jurisdictional inquiry collapses into a single step in this forum because the Texas long-arm statute extends to the limits of federal due process. Tex. Civ. Prac. & Rem. Code Ann. § 17.042; *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). To meet the requirements of due process, the plaintiff must demonstrate: (1) that the non-resident purposely availed himself of the benefits of the forum state by establishing minimum contacts with the state; and (2) that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Mullins*, 564 F.3d at 398.

The court may exercise specific jurisdiction "when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).[3] For specific jurisdiction, the court considers whether the defendant has

---

[3] Plaintiffs do not contend that the court should exercise general jurisdiction over Global. Accordingly, the court evaluates Global's alleged Texas contacts to determine whether an exercise of specific jurisdiction is proper in this case.

purposefully availed himself of the laws of the forum state and could reasonably anticipate being sued there. *Burger King v. Rudzewicz*, 471 U.S. 462, 472–74, 105 S. Ct. 2174 (1985).

### III. ANALYSIS

Global moves for dismissal on the grounds that it lacks sufficient contacts with Texas to support an exercise of personal jurisdiction. Dkt. 13 at 9. Specifically, Global argues that (1) Plaintiffs do not sufficiently plead facts to establish minimum contacts between Global and the State of Texas; (2) all decisions relating to Global's decision to retain the deposit occurred in Oregon; (3) Global had no communication with a Texas company until after the contract was executed; and (4) exercising specific jurisdiction would offend traditional notions of fair play and substantial justice. *Id*. Plaintiffs contend that Global's conduct of agreeing to deliver the Aircraft to Texas forms the necessary connection with Texas. Dkt. 10 at 9. For the reasons described below, the court disagrees with Plaintiffs' contention and finds that Plaintiffs fail to make a *prima facie* showing of specific personal jurisdiction over Global.

**A. Minimum Contacts**

In analyzing the minimum contacts test, courts examine whether the out-of-state defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of local law. *Hanson v. Denckla*, 357 U.S. 235, 243–254 (1958). The cornerstones of purposeful availment are voluntariness and foreseeability, with "the foreseeability critical to due process analysis . . . [being] that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

1. **Contract Claims**

In determining if a defendant involved in a contract case has purposefully availed itself for personal jurisdiction purposes, courts consider the following factors in assessing the connection between the defendant, the forum, and the contract cause of action: (1) prior negotiations; (2) contemplated future consequences; (3) terms of the contract; and (4) the parties' actual course of dealings. *Burger King*, 471 U.S. at 479.

The contract in this case is a letter of intent executed between a resident of Nigeria and a resident of Oregon. Aerosmith, the only Texas resident in this particular dispute, admits that it is not a party to the LOI (Dkt. 10 at 7); further, Global contends that it had no communication with Aerosmith until after the execution of the LOI. Dkt. 13 at 4. Global had no reason to believe that, had the lease financing gone forward, Global would be in a business relationship with anyone other than a Nigerian company.

Plaintiffs contend that Global's agreement to deliver the Aircraft to Texas constitutes the necessary connection. Dkt. 10 at 9. However, Global asserts via an affidavit that it did not agree to deliver the Aircraft to Texas. Dkt. 13, App. A. Rather, Global contends that the Aircraft was located in Canada at the time of the LOI's execution, and was outside of Global's possession, custody, or control. *Id*. Furthermore, the relevant clause in the LOI states that "Lessor will deliver the Aircraft to Lessee," where Lessor and Lessee are Global and West Link, respectively. Dkt. 6, Ex. A, cl. 2. The clause does not state that Global will deliver the Aircraft to Texas, or to West Link in Texas; indeed, no mention or even inference of Texas is made anywhere in the LOI.

Additionally, the LOI contains a governing law provision, which states that the LOI will be subject to the laws of Oregon, and venue will be in Oregon. Dkt. 6, Ex. A, cl. 20. While not

5

determinative, this choice of law clause is relevant to the inquiry and should be considered. *See Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 458 n.6 (5th Cir. 2016).

Global did not reach out beyond Oregon to negotiate with a Texas company, and the contract on which Plaintiffs are suing is not sufficiently related to Texas. Plaintiffs have not met the burden of showing that Global purposefully availed itself of the benefits and protections of Texas law. Global's alleged contract-related conduct — the agreement to finance the transaction, the decision to not continue, and the retention of the initial deposit — all occurred in Oregon. *See Pervasive Software Inc. V. Lexware BmbH & Co. KG*, 688 F.3d 214, 222 (5th Cir. 2012) (finding a lack of personal jurisdiction in a dispute over payment of license fees where the allegedly breaching acts occurred in Germany).

For the reasons stated above, this court lacks personal jurisdiction over Global for the contract claims.

**2. Tort Claims**

For tort cases, the specific jurisdiction evaluation focuses on whether a defendant purposefully availed itself of the forum's benefits and laws by "causing an effect" in the state. *Calder v. Jones*, 465 U.S. 783, 789, 104 S. Ct. 1482, 1487 (1984). When a nonresident defendant commits a tort within the state, or an act outside the state that causes tortious injury within the state, that tortious conduct amounts to sufficient minimum contacts to allow the exercise of personal jurisdiction over the defendant. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999). The analysis "looks to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). Mere injury to a forum resident does not constitute a sufficient connection to the forum. *Id*. at 1125.

Under this standard, Plaintiffs' allegations are insufficient. There are no facts suggesting that Global purposefully availed itself of the benefits and protections of Texas's laws when it allegedly committed fraud and conversion. While Plaintiffs seem to suggest that Global purposefully directed its actions towards Aerosmith, the only Texas resident in this case, this allegation is insufficient because it has no relation to Texas other than the happenstance that one of the plaintiffs resides in Texas. *See Moncrief Oil Int'l Inc., v. Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007) (citing *Panda Brandywine Corp.*, 253 F.3d at 870) ("We have expressly declined to allow jurisdiction for even an intentional tort where the only jurisdictional basis is the alleged harm to a Texas resident."). As previously stated, Global's alleged conduct — the agreement to finance the transaction, the decision to not continue, and the retention of the initial deposit — all occurred in Oregon. Accordingly, Plaintiffs have failed to make a *prima facie* showing of personal jurisdiction with regard to the tort claims.

**B. Reasonableness**

Given the court's finding that no minimum contacts exist to exercise personal jurisdiction over Global, the court need not consider whether such jurisdiction would violate traditional notions of fair play and substantial justice.

### IV. Conclusion

For the reasons given, Global's motion to dismiss (Dkt. 13) is GRANTED. Plaintiffs' claims against Global are DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on March 20, 2018.

---
Gray H. Miller
United States District Judge